IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JOSHUA S. WARD                                                                                     PETITIONER
ADC #152396

V.                            NO. 5:12cv00223 BSM-JTR

RAY HOBBS, Director,                                                                         RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Petitioner, Joshua S. Ward, filed this § 2254 habeas action when he was incarcerated in the Arkansas Department of Correction (ADC). (Docket entries #1, #3.) He alleged that he was being unlawfully imprisoned in Arkansas on warrants from Kentucky and Ohio. Respondent filed a Motion to Dismiss, asserting that, after

initiating this action, Petitioner was released from ADC custody and transferred to a Kentucky detention facility, thereby mooting his claims. (Docket entry #8.) Although directed to file a response, Petitioner did not do so and the deadline for filing has passed.[1] (Docket entry #10.) For the reasons that follow, the Court recommends that the § 2254 action be dismissed for lack of jurisdiction.

Before addressing the issues presented, the Court will review the relevant procedural history.

In May 2012, Petitioner was stopped for a traffic violation in Desha County, Arkansas. The traffic stop revealed that Petitioner had outstanding felony warrants in Kentucky and Ohio. He was arrested on those warrants and subsequently was detained in the Delta Regional Jail[2] in Chicot County, Arkansas, pending his extradition.

On June 20, 2012, Petitioner initiated this habeas action. On July 12, 2012, he filed his Amended Petition, alleging that: (1) he was being imprisoned pursuant to the Kentucky and Ohio warrants, without being charged, arraigned, tried or sentenced, and without being afforded due process; (2) he was being denied access to the law

---

[1] The Order directing Petitioner to respond was returned as "undeliverable." (Docket entry #11.) He has not informed the Court of a new address, as required by Local Rule 5.5(c)(2).

[2] According to Respondent, the Delta Regional Jail is operated by ADC employees, but is a regional jail facility that houses detainees for cities or counties who have contracted with it to do so. (Docket entry #8, at 2 n.1.)

library or any state corrective process to challenge his detention; (3) the State of Arkansas lacked authority to hold him; and (4) he had committed no crime.

On July 26, 2012, Arkansas officials released Petitioner to Kentucky law enforcement officials, pursuant to an order of the Desha County Circuit Court finding that Petitioner previously had waived extradition to Kentucky as a condition of his probation there. Petitioner was transferred to the Kenton County Detention Center in Covington, Kentucky.

On July 27, 2012, Kentucky officials released Petitioner on bond and delivered him over to officials from Butler County, Ohio. On August 30, 2012, he was released on bond from the Butler County Jail.

## II. Discussion

Article III of the Constitution limits the jurisdiction of federal courts to consideration of ongoing "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances ... and a federal court can no longer grant effective relief,' the case is considered moot." *Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). "If an issue is moot in the Article III sense, [the

Court has] no discretion and must dismiss the action for lack of jurisdiction." *Id.* at 724.

It is undisputed that, after filing this habeas action, Petitioner was released from ADC custody to Kentucky law enforcement officials. Once a prisoner has been returned to the state seeking extradition, a federal writ of habeas corpus is no longer available to challenge the validity of the extradition or the legality of his detention in the state from which he was extradited. *Beachem v. Attorney General of Missouri*, 808 F.2d 1303, 1304 (8th Cir. 1987) ("[O]nce in Missouri [the demanding state], Beachem no longer could challenge the validity of the extradition."); *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980) (once a prisoner is returned to the state seeking extradition, habeas writ "is no longer available to challenge his confinement upon grounds arising from conduct in the asylum state").

Thus, this Court now lacks jurisdiction to consider Petitioner's claims challenging his extradition proceedings and detention in Arkansas. Accordingly, this habeas action should be dismissed in its entirety.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (docket entry #3) be DENIED and this case be

DISMISSED, WITH PREJUDICE.  IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 25th day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE